PATRICK McGUIRL, Inc., v. COMMIS-
SIONER OF INTERNAL
REVENUE.
No. 145.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Barnet D. Golden, of New York City (George E. H. Goodner, of Washington, D. C., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., for respondent.

Lyle T. Alverson, of New York City, amicus curiæ.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The petitioner's property was taken by the city of New York on December 1, 1926, through its board of estimate and apportionment adopting a resolution that the title in the fee to the petitioner's property become vested in the city as of December 1, 1926. Thereafter petitioner occupied the premises as a month to month tenant until October 31, 1927. No award for the compensation to be paid petitioner was made until May 31, 1928, when the award was tentatively fixed at $132,-000. Petitioner did not contest the action of the city in taking the property, but did contest the amount of the tentative award. April 12, 1929, by a final decree of the state Supreme Court, the amount was fixed at $131,-998, with interest from December 1, 1926. The petitioner was paid this award on July 8, 1929. The interest amounted to $19,927.47.

Petitioner kept its books and filed its income tax returns on an accrual basis. No entry was made on its books respecting the taking of the property prior to July, 1929, when the amount in controversy was received. But on its books, as of January 1, 1926, it showed, as an asset, this property having a present value of $92,822.75 with a mortgage liability of $52,200. Among its assets in lieu of this entry, on December 31, 1926, it referred to net book value of property taken over by the city December 1, 1926, as $40,429.12; it eliminated in its liabilities the mortgage of $52,200. In the 1929 income tax return, the petitioner reported a profit of $57,336.69 on account of the award from the city; the interest of $19,927.47 was shown as nontaxable income. The Board held that the profit on the award, including interest, was taxable during the year 1929. The taxpayer contends that it is taxable for 1926. The Commissioner takes the position that the gain was too uncertain to permit its estimate with any degree of accuracy in 1926, and was properly taxed in 1929.

The statute, Revenue Act of 1928, c. 852, § 42 (45 Stat. 791, 805), 26 USCA § 2042, requires the items of gross income to be included in the taxable year in which received by the taxpayer unless, under methods of accounting permitted under section 41 (26 USCA § 2041), any such amounts are to be properly accounted for as of a different period.

The obligation to pay arose in 1926, when the title vested in the city, but the gain could not have been estimated in 1926 with any degree of accuracy, for the amount depended upon uncertainties of the future. In Burnet v. Huff, 288 U. S. 156, 53 S. Ct. 330, 77 L. Ed. 670, it was pointed out that the existence of liability is not enough to establish the gain or loss to be taxable in a year. The gain must be "actual and present, not merely contemplated as more or less sure to occur in the future." Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720; Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010. As a general proposition, where the right to receive money is certain, namely, the liability to pay is unconditional, and books are kept on an accrual basis, the money actually received is considered income as of the year the right to receive it arose and not as of the year when received, even though the amount to be received is not certain as of the year the right to the money accrued. But here, though the petitioner was entitled to just compensation for property condemned under eminent domain, the amount of the award was to be determined in judicial proceedings involving values placed upon the real estate by expert testimony. These are indefinite, depending upon the court's conclusion as to values. The amount awarded may not have been as much as the cost of the property to petitioner. The expenses incident to the prosecution of petitioner's claim necessarily were reflected in the net gain to be realized, and interest was to be added as part of the award. The amount of interest was directly dependent upon the duration of the litigation. Thus the amount of award depended upon the course of future events. Lucas v. American Code Co., supra. Unless all the events which fixed the amount and determined the liability of the city to this taxpayer occurred within the year, it may not be said that this was taxable in the year the right to an award accrued. Bauer Bros. Co. v. Com'r (C. C. A.) 46 F.(2d) 874. In Continental Tie & Lumber Co. v. United States, 286 U. S. 290, 52 S. Ct. 529, 76 L. Ed. 1111, the whole sum to be determined upon in the future was income, and the amount was a calculation based upon entries in the taxpayer's book in accordance with the rules and requirements of the Interstate Commerce Commission. In the instant case there was no assurance that there would be any gain. There was no accrual on the petitioner's books of the amount received because the amount had not been determined in 1926, and instead there was the notation above referred to.

The petitioner reported no gain or loss for 1926 in its return.

 The interest is part of the compensation received and is taxable. Seaboard Air Line R. Co. v. United States, 261 U. S. 299, 43 S. Ct. 354, 67 L. Ed. 664. It was dependent in amount upon the time expiring between the vesting of title and the final decree as to the amount of the award. It was therefore taxable in 1929.

Order affirmed.