## COMMISSIONER OF INTERNAL REVENUE v. DUMARI TEXTILE CO., Inc.

### No. 40.

Circuit Court of Appeals, Second Circuit.

June 2, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and N. Barr Miller, Sp. Assts. to Atty. Gen., for petitioner, Commissioner of Internal Revenue.

William E. Russell, Jr., of New York City, for respondent Dumari Textile Co., Inc.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The taxpayer, Dumari Textile Company, is a corporation which was organized in 1923 under the laws of the State of New York, having its principal place of business at No. 78 Worth Street, in New York City, and engaged in the textile business. On December 24, 1936, it filed with the Collector of Internal Revenue a claim for reimbursement of taxes on floor stocks held by it on January 6, 1936, the burden of which it had itself borne without reimbursement from the processor or other vendor. Inasmuch as the taxpayer reported its income on the accrual basis, on June 30, 1936 it accrued the sum of $11,654.68 on its books as the estimated claim for refund covering Floor Stock Taxes, the burden of which it had borne, and on August 31, 1936 it corrected this claim by adding $3,-669.10. On the latter date it also credited to the same account, which was carried on its books as "Ledger Account Floor Stock Tax", the sum of $8,461.44, representing payments received from its vendors as refunds of processing taxes on merchandise held by it on January 6, 1936. This left a net amount of $6,862.34 due on its claim for reimbursement from the Commissioner. On December 20, 1937 it filed an amended refunding claim with relatively slight readjustments which set forth the sum of $6,260.86 as the net amount of Floor Stock Taxes due from the Commissioner. After the investigation of the taxpayer's claim the Commissioner paid this sum to it on February 21, 1938.

On September 12, 1936 the taxpayer filed its income and excess profits tax return for the fiscal year ended June 30, 1936 in which it reported a net loss of $46,063.-29. If the above net item of $6,260.86 was properly included as income accrued during the fiscal year ended June 30, 1936, the taxpayer will escape taxation upon this income because of the large deficit it suffered during that year. If, on the contrary, it is treated as income for the fiscal year ended on June 30, 1938, during which reimbursement was actually made, there is a deficiency of $1,554.96 in income taxes for the latter year, as the Commissioner found to be the case. The Tax Court held that the taxpayer's right to receive the refund of $6,260.86 had fully ripened on June 22, 1936, the date when Section 602 of the Revenue Act of 1936, 7 U.S.C.A. § 642, became law, rather than in 1938 when the amount of the refund was determined and paid by the Commissioner. The Tax Court held that the above sum of $6,260.86 was income for the fiscal year ended June 30, 1936 and made an order that there was no deficiency in the taxpayer's income tax for 1938. We think its decision was right and should be affirmed.

The Commissioner of Internal Revenue has appealed on the ground that the sum of $6,260.86, representing reimbursement of the processing tax burden borne by the taxpayer on account of the Floor Stock Tax, was not income to it for the taxable fiscal year ended June 30, 1936, when the statute authorizing the reimbursement was enacted, but during the fiscal year ended June 30, 1938, when the taxpayer's claim was finally adjusted by the Commissioner and payment was actually made on February 21, 1938.

Reimbursement was made to the taxpayer under Section 602 of the Revenue Act of 1936 (c. 690, 49 Stat. 1648, approved June 22, 1936) which, so far as it is pertinent, is quoted below.[1]

The Commissioner contends that the

---

[1] "Sec. 602. Floor Stocks as of January 6, 1936

"(a) There shall be paid to any person who, at the first moment of January 6, 1936, held for sale or other disposition (including manufacturing or other processing) any article processed wholly or in chief value from a commodity subject to processing tax, an amount computed as provided in subsection (b), except that no such payment shall be made to the

processor or other person who paid or was liable for the tax with respect to the articles on which the claim is based.

"(b) The amount of the payment under subsection (a) shall be equal to the processing tax which would have been payable with respect to the commodity from which the article was processed, if it had been processed on January 5, 1936, but not in excess of (1) the amount of the burden of the tax with respect to the

amount of $6,260.86 paid by him to the claimant pursuant to Section 602 of the Revenue Act of 1936 was not accruable as income until the claim was allowed and its amount determined on January 14, 1938. His contention is that until its allowance the refunding claim was not capable of ascertainment with reasonable accuracy. But there can be no doubt that the statute fixed the total amount of recoupment from all sources to which the claimant was entitled on January 6, 1936. So far as it had the right to receive recoupment from its vendors or had passed on the processing tax to its vendees, its right to any refund from the government was reduced pro tanto. But the aggregate of its claims against its vendors, its receipt from its vendees, and its claim for reimbursement from the government was income which it could compute for purposes of income and excess profits tax. This total, according to the ledger account, amounted to $15,-323.78 and was insufficient to result in any tax because it had accrued during the year ending June 30, 1936 in which claimant's income tax return showed a deficit of $46,-063.29. It, therefore, can make no difference what portion of this aggregate income was payable by the government or by the claimant's vendors, or what portion had been passed on to the claimant's vendees.

The Commissioner's further contention that no part of the claim accrued in 1936 because it was contingent on allowance by the Commissioner which was not until 1938, seems unfounded. In this connection he argues that the initial entry in claimant's ledger showed an account receivable for floor taxes on June 30, 1936 of $11,654.68, that this sum was all the income from this source reported for the year ended June 30, 1936, that the claimant thereafter, on August 31, 1936, increased the estimated amount of this account receivable to a total of $15,323.78, and upon payment of $8,461.44 by its vendors on or before August 31, 1936 thereby reduced the amount due from the United States to $6,862.34 which was still later reduced to $6,260.86. But we cannot see how uncertainty as to the amount of the claim against the government affected the taxpayer's right and obligation to accrue the total amount of income which it was entitled to recover from all sources during the year ended June 30, 1936. The suggestion that the receipt of the correct

article which was shifted to the claimant in the price he paid for the article (to the extent that the claimant has not received and is not entitled to receive reimbursement for such burden from the processor or other vendor) and not in excess of (2) the amount of that part of the burden of the tax applicable to the articles held on January 6, 1936, which the claimant has not passed on to his vendees and has not included in the sale price of such articles. In lieu of a detailed schedule of articles, purchases, sale prices, and sales under clauses (1) and (2) of this subsection, the claimant may (subject to the approval of the Commissioner and such investigations as he may cause to be made) submit, as a part of his claim, an affidavit setting forth the total amount of tax burden passed on to him on the articles with respect to which claim is made; the total amount of such burden for which he has received or is entitled to receive reimbursement from the processor or other vendor; the total amount of such burden that he has passed on to his vendees or has included in the sale prices of such articles; and the total amount of such burden that he has borne himself. * * *

"(d) No payment shall be made under this section unless the claimant files a claim therefor prior to January 1, 1937, in conformity with regulations prescribed by the Commissioner with the approval of the Secretary, nor unless he establishes to the satisfaction of the Commissioner the facts on which such claim is based.

"(e) No claim under this section shall be disallowed on the ground that the tax with respect to the article or the commodity from which processed has not been paid, but no claim shall be allowed in an amount less than $10. No payment shall be made under this section in connection with any article with respect to which a refund has been allowed or credit has been taken under the Agricultural Adjustment Act, as amended, or a refund has been allowed or is allowable under section 601 of this title.

*     *     *     *     *

"(h) In the absence of fraud the findings of fact and the decision of the Commissioner upon the merits of any claim under this section, and the mathematical calculation therein shall not be subject to review by any other administrative or accounting officer, employee, or agent of the United States.

"(i) The determination of the Commissioner with respect to any payment under this section shall be final and no court shall have jurisdiction to review such determination."

amount of reimbursement from the government was dependent on filing a claim in time and upon the action of the Commissioner proves too much. All claims for refunds would be incapable of accrual under such an argument. The decision of the Supreme Court in Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111, amply justifies the conclusion that the function of the Commissioner in ascertaining the amount to be refunded by the government from the books and records of the claimant was ministerial. Moreover, the result was much more readily ascertainable in the case at bar than in the Continental Tie & Lumber Co. case, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111.

For the foregoing reasons the order of the Tax Court is affirmed.