WILLIAM JUSTIN PETIT AND LORETTA N. PETIT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7046.  Promulgated January 31, 1947.

*Wendell P. Hubbard, Esq.*, for the petitioners.
*Byron M. Coon, Esq.*, for the respondent.

230

[1] The reason that no interest was computed for the period of February 18 to April 15, 1941, was because petitioner requested a continuance of the hearing of the proceeding from February 18 to April 15, 1941, and the court in granting the motion required petitioner to waive interest for such period.

OPINION.

BLACK, *Judge*: We discuss the issues in the order of their statement.

*Issue 1.*—Petitioner contends that, of the interest on the award in the amount of $17,756.73, only that part which was attributable to the calendar year 1941 in the amount of $4,829.63 should be included in his 1941 return. Petitioner concedes that since the decision of the Supreme Court in *Kieselbach* v. *Commissioner*, 317 U. S. 399, there is no longer any question but that interest received on a condemnation award is separately taxed as interest and not as a part of the sale price resulting from the condemnation award. That principle of law certainly seems now to be well established. See *Johnson & Co.* v. *United States* (C. C. A., 2d Cir.), 149 Fed. (2d) 851. Respondent contends that the entire amount of interest of $17,756.73 constitutes taxable income in the year 1941 when the award was made and that none of it was properly accruable in the prior years of 1939 and 1940.

When a taxpayer is on the accrual basis it is the right to receive the income and not the actual receipt that determines the inclusion of the amount in gross income. *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182. However, in order for items to be accrued as income the event must occur which determines the amount due. When the amount to be received depends upon a contingency or future events, it is not to be accrued until such contingency or the events have occurred and fixed with reasonable certainty the fact and amount of income. *U. S. Cartridge Co.* v. *United States*, 284 U. S. 511.

In the instant proceeding the amount of the award was in litigation until 1941. Both the award and the amount of interest thereon were uncertain until 1941, the year the final court decree was entered and the amount of the award became fixed. In *Winter Realty & Construction Co.*, 2 T. C. 38, modified on appeal on other issues, the precise issue now raised by petitioner was involved and was decided against the taxpayer. Therefore, following our decision in that case, we hold that the entire amount of $17,756.73 interest was income to petitioner in 1941 as the Commissioner has determined.

Petitioner strongly urges in support of his contention *Williams*

*Land Co.* v. *United States*, 31 Fed. Supp. 154. That case, which was decided by the United States Court of Claims, has been read and carefully considered by us. It is in no way contrary to what we have decided above. It is clearly distinguishable on its facts and need not be further discussed.

*Issue 2.*—Petitioners contend that since they were on the accrual basis they are entitled to deduct as accruable tax expenses at least the amount of $7,107.68 attributable to 1941 which was withheld in the registry of the court pending the determination of tax liens, if any, asserted by Los Angeles County against these parcels, even though these taxes were being contested by petitioners and were subsequently waived by Los Angeles County in 1942. Respondent contends that petitioners are not entitled to deduct as a tax expense in 1941 any part of the sum of $11,949.46 which was retained in the registry of the court pending a determination of possible tax liens by Los Angeles County.

A taxpayer who is on the accrual basis may and should deduct from gross income a liability which accrues in the taxable year. *United States* v. *Anderson*, 269 U. S. 422. However, all the events must occur in the year which fix the amount and fact of the taxpayers' liability to pay such items of indebtedness and this could not be the case herein, where the liability for the taxes was denied by the petitioners and contested. In *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, the Supreme Court said:

It is settled by many decisions that a taxpayer may not accrue an expense the amount of which is unsettled or the liability for which is contingent, and this principle is fully applicable to a tax, liability for which the taxpayer denies, and payment whereof he is contesting. * * *

We, therefore, hold that petitioner is not entitled to accrue on his income tax return for 1941 any taxes due Los Angeles County on this property. As a matter of fact, petitioner did not accrue on his 1941 income tax return any taxes on this property. In failing to do so, he acted properly. What petitioner actually did was to accrue $194,984.27 as having been due and received from the condemnation award and did not accrue $11,949.46 which the court directed to be kept in the registry of the court to await the outcome of the dispute which existed between petitioner and the County of Los Angeles as to these taxes. These taxes were claimed to be a lien against the property by the County of Los Angeles and the United States Government wanted this *in rem* claim settled before it paid over this $11,949.46 to petitioners. That dispute was not settled until 1942. Under these circumstances, we think petitioner was correct in not accruing in 1941, as part of the condemnation award due, the $11,949.46 held in the registry of the court for taxes. At the close of 1941 petitioner did not know whether he would ever receive this $11,949.46 or any part thereof,

and, therefore, there was no properly accruable receipt. We, therefore, hold that the respondent erred in including this $11,949.46 as a part of the condemnation award in 1941. See *Liebes & Co.* v. *Commissioner*, 90 Fed. (2d) 932, affirming 34 B. T. A. 677. Cf. also *United States* v. *Safety Car Heating & Lighting Co.*, 297 U. S. 88; *Dixie Pine Products Co.* v. *Commissioner*, 320 U. S. 516; *Security Flour Mills Co.* v. *Commissioner, supra; E. T. Slider, Inc.*, 5 T. C. 263. In a recomputation under Rule 50, in arriving at petitioners' gain in 1941 from the condemnation of this property, the $11,949.46 should not be included as part of the accrued sale price resulting from the condemnation award. The dispute was settled in 1942. The $11,949.46 was then paid to petitioner out of the registry of the court and it was included as part of the receipts from the condemnation award by petitioners on their income tax return for 1942. That appears to us to have been as soon as it could have been properly accrued.

*Issue 3.*—Petitioners on April 13, 1940, signed two demand notes, one in the amount of $15,000, representing the principal of an indebtedness owed to the California Group Corporation, and the other in the amount of $5,750, representing delinquent interest on the original indebtedness for years prior to 1940. Both notes were to bear interest at the rate of 5 per cent. On or about August 21, 1941, the California Group Corporation brought suit on the notes and the obligations were compromised in the amount of $15,200. Petitioners claim that part of the sum of $15,200 paid in settlement of the above notes represents interest deductible in 1941. In their petition they state that "the proportion of said settlement attributable to interest in said settlement" was $4,742.40. However, on brief they only claim the right to accrue the amount of $1,469.68 as interest on the indebtedness, treating the payment as first applicable to the interest and the remainder as applicable to the principal. In the alternative they claim that if they are not entitled to accrue interest in the amount of $1,469.68, they should be allowed to accrue the amount of $200 as representing the excess over the principal of the obligation.

Respondent claims that neither of the above amounts is deductible as interest. He argues that the payment of $15,200 was in compromise of a larger indebtedness which was being contested and any amount for interest is not deductible; that no interest was paid or properly accruable because petitioner was contesting his liability; and that the $200 paid on the note of $5,750 is a part of an interest expense deductible or accruable prior to 1940, when the note was executed. We doubt if the state of the pleadings warrants us in treating this issue as having been properly raised. However, both parties have treated it in their briefs as having been raised and for the purpose of deciding it, we shall assume that it was raised.

The evidence shows that petitioners made a lump sum settlement in compromise of both notes and there was nothing in the settlement which indicated how the amount of $15,200 was to be allocated. Moreover, petitioners in their brief state that "there was no agreement as to how the settlement should be applied, whether first on interest due or first on principal." Under these circumstances we do not think that any part of the settlement is applicable to interest accrued in 1941. Cf. *Automatic Sprinkler Co. of America*, 27 B. T. A. 160. Petitioners are apparently relying on the doctrine that, when both principal and interest are due on a debt, undesignated partial payments thereon must first be appropriated to interest before any part is applied to the principal. Cf. *George S. Groves*, 38 B. T. A. 727; *Theodore R. Plunkett*, 41 B. T. A. 700; affd., 118 Fed. (2d) 644. However, we do not think this doctrine is applicable here, where the payment was not a partial payment upon the indebtedness, but a lump sum settlement of the entire debt, and was considerably less than the face value of the two notes which aggregated $20,750.

*Issue 4.*—Petitioners contend that of the total legal fees paid to Hill, Morgan & Bledsoe in the amount of $11,266.86, the amount of $2,388.50 should be treated as a capital expenditure and $8,878.36 as a business expense.[1] Respondent contends that no part of the total fee of $11,266.86 paid by the petitioners for attorney fees in the condemnation proceedings represents a deductible business expense for tax purposes in the year 1941, but should be treated as a capital expenditure, deductible from the sale price in computing petitioners' capital gain on the transaction.

An examination of our findings of fact will show that petitioner in his computation of gain from the award on his income tax return reduced the total amount of the award by using these attorney fees as a deduction. This was proper. See *Johnson & Co.* v. *United States, supra.* What petitioner now wants to do is to use only $2,388.50 of the attorney fees in the above manner and then have allowed as a separate deduction $8,878.36 of the attorney fees and thus offset to that extent respondent's addition to petitioner's income of the $17,756.73 interest. There is no warrant in law for this. The attorney fees which petitioner paid to Hill, Morgan & Bledsoe were for their entire services in the condemnation proceeding and there is no

---

[1] SEC. 23 [I. R. C.]. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) IN GENERAL.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

* * * * * * *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

8 T. C.

basis for allocating $8,878.36 of the fee for the collection of interest. The entire amount paid the attorneys for their services must be treated as capital expenditures. *Johnson & Co.* v. *United States, supra.* Cf. *Williams* v. *Burnet,* 59 Fed. (2d) 357; *Washington Market Co.,* 25 B. T. A. 576; *Mary W. T. Connally,* 32 B. T. A. 920. Of course, if petitioner's gain from the condemnation award were ordinary income it would make no difference in the tax liability whether petitioner was allowed the deduction of the attorney fees as a capital expenditure in the computation of gain from the sale or whether he was allowed the fees as a business expense deduction. However, petitioner's gain from the condemnation award is taxable as a capital gain and only 50 per cent thereof is taken into account. Therefore, the manner in which these attorney fees are treated does make a difference in petitioner's tax liability. For reasons already stated, petitioner's contention on this point can not be sustained. On issue 4 we sustain respondent.

*Decision will be entered under Rule 50.*