## KENEIPP et ux. v. UNITED STATES.

### No. 1132–47.

United States District Court
District of Columbia, Civil Division.

May 31, 1949.

Hugh Keneipp and Frances Keneipp, in pro per.

George Morris Fay, U. S. Atty., Daniel B. Maher and John P. Burke, Asst. U. S. Attys, Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and John P. Wenchel II, Sp. Assts. to Atty. Gen., for defendant.

LETTS, District Judge.

The evidence makes crystal clear that some of the property taken under the eminent domain proceedings was used by the taxpayers to produce income. This has ample support in the taxpayers' returns for several years preceding the tax year in question as well as for the year in question. Since the property was used by the tax-payers in a business, the Commissioner was authorized to determine that which is a return of capital and that which is a return of ordinary income. The fact that the condemnation award made no division as between capital and income is of no importance.

Since the taxpayers for a long period of time, as witnessed by their returns, used portions of the property in a trade or business or to produce income fully justified the Commissioner in holding that the property used in the production of income is depreciable in determining the gain derived upon its sale and that the amount of gain so derived is a return of ordinary income under § 113(b)(1)(B) of the Internal Revenue Code, 26 U.S.C.A. § 113(b)(1)(B), and that it is taxable as such.

The entire amount of the award represents income to the taxpayers in 1941 and was propery included in the taxpayers' 1941 personal income tax return. The judgment in favor of the taxpayers in the amount of $48,500.00 was entered in September 1941 and then became available to the taxpayers.

The taxpayers maintain that their second claim for refund is timely, in that it was an amendment to the first claim and did not present any new or alternative ground for recovery. An examination of the two claims is sufficient to refute that contention.

The taxpayers are not entitled to the relief asked. Accordingly their complaint will be dismissed.

Counsel for defendant will present for settlement findings of fact, conclusions of law and an appropriate judgment form.

Findings of Fact

I. The plaintiffs, husband and wife, during the period from 1919 to 1941, acquired at a cost of $4,770.00 approximately forty-seven and one-half (47½) acres of land with old buildings thereon located adjacent to Fort Belvoir, Virginia.

II. Plaintiffs, between the years 1920 and 1941, made improvements to the land at a cost to them of $2,135.00; and improvements, additions and new construction of a garage, dwelling and main house at a cost to them of $23,000.00; or a total expenditure for improvements of $25,135.00.

III. Plaintiffs from time to time rented and otherwise used parts of the property to produce income, which income was disclosed on plaintiff's income tax return for various years as follows:

| Rent | Part of house gross income | Net income |
|---|---|---|
| 1935 | $240.00 | $240.00 |
| 1936 | Separate returns filed, amount included in wife's return. | |
| 1937 | 240.00 | 240.00 |
| 1938 | 240.00 | 240.00 |
| 1939 | 240.00 | 240.00 |

| Rent | Rooms Gross Income | Net income |
|---|---|---|
| 1939 | $135.00 | $135.00 |
| 1940 | 745.00 | 745.00 |
| 1941 | 835.00 | 835.00 |

| Rent | Small House or House Gross Income | Net income |
|---|---|---|
| 1935 | $300.00 | $300.00 |
| 1940 | 690.00 | 690.00 |
| 1941 | 580.00 | 580.00 |

III. Under dates of May 15, 1941, May 27, 1941, and September 18, 1941, the Government instituted eminent domain proceedings against the entire property of the plaintiffs by filing together with the petitions for condemnation, declarations of taking, and depositing with the Court a total of $35,000.00 as estimated just compensation. The three actions were consolidated, and in September of 1941, the jury returned a verdict granting the plaintiffs an award of $48,500.00 for the entire property, making no division as to the amount considered as payment for the land, or the amount to be considered as payment for the personal improvements.

IV. The judgment in favor of the plaintiffs as rendered by the jury in the consolidated condemnation proceedings in the amount of $48,500.00 was entered in September, 1941.

V. In September, 1941, the A. & N. Trading Company filed an intervening petition in the condemnation proceedings, seeking payment of a claim in the amount of $1,977.58 against the plaintiffs. On August 1, 1942, the Court directed payment of the claim in the amount of $1,783.62, with costs of $7.40, the remainder of the award in the amount of $12,644.98 being directed to be paid to the plaintiffs.

VI. The plaintiffs duly filed their joint individual tax returns for 1941, and paid the tax disclosed thereon of $2,302.22 in four quarterly installments, the last payment of $575.54 being made on December 3, 1942. In the return as filed by the plaintiffs, the gain from the entire condemnation award of $48,500.00 was computed and returned as a net long-term gain from the sale or exchange of a capital asset, and the amount of the gain reported thereunder was returned as $7,424.29.

VII. After examination of the plaintiffs' books and records, and upon notice and demand by the Collector of Internal Revenue, the plaintiffs paid an additional tax determined for the year 1941 in the amount of $857.96, together with interest of $79.33 to the Collector of Internal Revenue on December 1, 1943, and December 11, 1943, respectively. The additional tax was assessed and collected upon a taxable net in-

come determined to be in the amount of $16,113.99. The increase was brought about by a reduction of long-term capital gain from $7,424.49 to $6,542.97 and by an increase in additional income determined to be in the amount of $3,424.57, resulting from the sale of depreciable personal assets used for the production of income in a trade or business.

VIII. The plaintiffs, on May 26, 1944, filed a timely claim for refund of the additional tax and interest paid in the total amount of $937.29, upon the ground that there was an erroneous allocation of profit and an erroneous classification of profit resulting from the condemnation award. This claim was rejected by the Commissioner of Internal Revenue by registered letter dated July 8, 1946.

IX. The plaintiffs, on December 10, 1945, filed with the Collector of Internal Revenue a second claim for refund for the year 1941 for return of the amount of $2,726.71 upon the ground that the Commissioner of Internal Revenue erroneously determined the amount of capital gain for the year 1941, resulting from the condemnation award by reducing the cost basis by depreciation sustained and by attributing the entire amount of the award to the taxable year 1941. More than six months elapsed without the Commissioner of Internal Revenue acting upon the claim and plaintiffs brought this action to recover the amount claimed upon the ground set forth in the second claim for refund.

### Conclusions of Law

I. The Court has jurisdiction of the parties hereto and the subject matter thereof.

II. The amount determined with condemnation of the plaintiffs property became available in September, 1941, to plaintiffs upon the entry of judgment in the amount of $48,500.00, and represented income to the plaintiffs in 1941, properly includible in plaintiffs' 1941 personal income tax return.

III. The tax imposed as a return of ordinary income on the amount of the award allocated to the personal property of the plaintiffs used to produce income was properly imposed and collected under Sections 22(a) and 113(b)(1) (B) of the Internal Revenue Code, 26 U.S.C.A. §§ 22(a), 113(b)(1) (b).

IV. The second claim for refund filed by the plaintiffs under date of December 10, 1945, was an untimely claim under Section 322(b) of the Internal Revenue Code, 26 U.S.C.A. § 322(b).

V. The defendant is entitled to judgment dismissing the plaintiffs' complaint.

Let judgment be entered accordingly.