C. A. DURR PACKING CO., Inc., Appellant, v. Frank J. SHAUGHNESSY, Collector, Appellee.

No. 266, Docket 21938.

United States Court of Appeals Second Circuit.

Argued May 3, 1951.

Decided May 31, 1951.

Ferris, Hughes, Dorrance & Groben, Utica, N. Y., R. G. Dunmore, Jr., Utica, N. Y., for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Fred E. Youngman, Sp. Assts. to Atty. Gen., Irving J. Higbee, U. S. Atty., Syracuse, N. Y., for appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

PER CURIAM.

Affirmed on the opinion below in Durr Packing Co., Inc., v. Shaughnessy, Collector, 81 F.Supp. 33.

L. HAND, Chief Judge (dissenting).

As *res integra*, I should go along with my brothers in affirming the judgment on Judge Brennan's opinion; but I am unable to see any distinction of substance between the facts at bar, and those before the Supreme Court in Continental Tie and Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111, and especially in our own opinion which followed it.[1] Frankly, I have never felt sure that I understood the reasoning of the Supreme Court; but we are bound to treat the decision as authoritative, and in any event our own decision appears to me indistinguishable from the case at bar. We had there to deal with a "dealer" who had paid the "floor stocks tax," and we held that the refund "accrued" in the year when the statute was passed granting it. Section 602 of the Act of 1936 [2] controlled the recovery of the refund, and subdivision (b) of that section provided that the refund should be of so much of the "processing tax" as was shifted to the taxpayer, less any part which he in turn may have passed on to his buyers. Thus a "dealer" had to ascertain what part the "processor" had "shifted" to him, and what part he had shifted to his buyers, both being issues of much uncertainty. Section 902(a) [3] controlled the "processor's" refund, and it required him to deduct from the tax which he paid, whatever part of it he had "shifted * * * directly or indirectly". It seems to me therefore that a "dealer" who sought refund had to prove, not only what the "processor" had passed on to him, but what he had not passed on to his buyers, while the "processor" had to prove only what he had not passed on to his buyers, among whom might be a "dealer." Of the two— "dealer" or "processor"—I should think that the "dealer's" recovery was subject to more contingencies than the "processor's."

1. Commissioner of Internal Revenue v. Dumari Textile Co., 2 Cir., 142 F.2d 897.

2. § 642, Title 7 U.S.C.A.

3. § 644(a) Title 7 U.S.C.A.