GLOBE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32041. Promulgated May 7, 1953.

*Harry L. Brown, Esq.*, for the petitioner.
*Harold H. Hart, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* Respondent determined a deficiency in petitioner's income tax for 1945 after several adjustments, only one of which remains in controversy. The action with respect to this item was explained in the notice of deficiency as follows:

Under the authority of, and in compliance with the provisions of section 41 of the Internal Revenue Code, it is held that $181,075.02 received as payment under the terms of certain contracts, is income in 1945 as provided in section 42 of the Internal Revenue Code and regulations issued thereunder. Your income is, therefore, increased $181,075.02 under the provisions of section 22 (a) of the Internal Revenue Code.

Petitioner assigned this action as error.

The apposite Code sections are those cited in the deficiency notice. Neither they, however, nor Regulations 111, sections 29.41–1 and 29.42–1, issued thereunder, contain language dispositive of the issue raised by the pleadings. Section 41 of the Internal Revenue Code provides that "The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; * * *." Section 42 provides that "The amount of all items of gross income shall be included in gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly

accounted for as of a different period. * * *" Petitioner kept its books and filed its income tax returns on the calendar year basis and the accrual method of accounting. The sole question presented therefore is whether the income in question accrued within the year 1945 as contended by respondent, or in 1946 as contended by petitioner. This issue, as in *Boston Elevated Railway Co.*, 16 T. C. 1084 (affirmed on another point, which was the only issue presented on appeal, 196 F. 2d 923), turns upon the application of the principles of accrual accounting to the facts of this case. In that case we stated:

These principles have long been understood and applied in a wide variety of cases. Thus, it has been held that liability for a tax accrues and is deductible from gross income, when "all the events" have occurred "which fix the amount of the tax and determine the liability of the taxpayer to pay it." *United States* v. *Anderson*, 269 U. S. 422, 441. Moreover, an item may be accrued, "if there is legal liability, even though the amount is not definitely fixed, if all the events have occurred by which the amount may be determined with reasonable exactitude. *Continental Tie & Lumber Co.* v. *United States*, [286 U. S. 290]." *Lehigh Valley Railroad Co.*, 12 T. C. 977, 995. But where the item, whether of income or deduction, depends upon a contingency or future events, it may not be accrued until the contingency or events have occurred and fixed with reasonable certainty the fact and amount of the liability involved. *United States* v. *Safety Car Heating Co.*, 297 U. S. 88, 93–94; *Lucas* v. *American Code Co.*, 280 U. S. 445, 451, 452.

See also *William Justin Petit*, 8 T. C. 228; *Luckenbach Steamship Co.*, 9 T. C. 662; *Henry Hess Co.*, 16 T. C. 1363 (pending on appeal C. A. 9).

In *Henry Hess Co.*, *supra*, where the amount of gain resulting from the requisitioning for title in 1942 by the War Shipping Administration of one of the vessels of a steamship company was not reasonably ascertainable in the taxable year 1942, subject company being on the accrual basis of accounting, we held that no amount of gain was includible in the income of the company in 1942. In so holding we stated:

The amount of just compensation to be received was not fixed or reasonably ascertainable in the year 1942. It is not enough to state that the Fifth Amendment to the Federal Constitution guarantees just compensation and thereby fixes taxpayer's right. To this it might, with equal assurance, be rejoined that under our system of jurisprudence and the law as adjudicated by all American courts, every litigant is guaranteed ultimate justice or "equal justice under law." These principles are basic in our system of government. So to state, however, does not devitalize the considerations leading to the holding in innumerable cases that before an amount can be accrued, not only must the right to receive the amount be fixed, but the amount must be reasonably ascertainable.

Until a definite amount was arrived at under the negotiations provided for in the contracts involved herein petitioner had only a claim on a *quantum meruit* basis for goods and services rendered which, while of value, was too uncertain in amount to accrue. *Henry Hess Co.*, *supra; United States Cartridge Co.* v. *United States*, 284 U. S. 511; *Durr Packing, Inc.* v. *Shaughnessy*, 81 F. Supp. 33, affd. per curiam,

189 F. 2d 260; *Patrick McGuirl, Inc.* v. *Commissioner*, 74 F. 2d 729, certiorari denied 295 U. S. 748; *Craig* v. *Thompson*, 177 F. 2d 457; *William Justin Petit, supra; Gold Metal Process Co.*, 17 T. C. 916, affd. C. A. 6, November 21, 1952.

The situation here presented is not to be confused with that in *Dumari Textile Co.*, 47 B. T. A. 639, affd. 142 F. 2d 897, relied on by respondent. In that case the taxpayer, on the accrual basis, was reimbursed in 1938 for a processing tax burden borne by it on account of the floor stock tax. Payment was made to taxpayer pursuant to section 602 of the Revenue Act of 1936. The Board held, following *Continental Tie & Lumber Co.* v. *United States*, 286 U. S. 290, that the payment received by taxpayer in 1938 accrued in 1936 because the right to the payment ripened when the statute authorizing it was enacted. The Board stated in its opinion:

The statute provided that:

"There shall be paid to any person who, at the first moment of January 6, 1936, held for sale or other disposition * * * any article processed * * * from a commodity subject to processing tax, an amount computed as provided in subsection (b), * * *"

Thus, the payment under this section was mandatory if petitioner held any article within the scope of the section. The right to receive the payment was not contingent on any future event. *Everything had happened which could have happened from which to determine the amount of the payment.* There remained only the necessity of filing the claim and proving the facts to the Commissioner of Internal Revenue for petitioner to become entitled to the payment. These requirements, obviously, had no bearing on when the payment accrued since they did not affect the *amount.* [Emphasis supplied.]

The Board went on to say: "This was purely a matter of computation under the express direction of the statute." Both the *Dumari Textile Co.* and *Continental Tie & Lumber Co.* cases are distinguishable from the situation before us in that here more than a mere calculation or computation was required to fix the amount to be accrued. Rather there remained a negotiation between the parties upon terms not as yet agreed upon. There was no formula, method, or particular data which both could accept as the basis of the final agreement. Also the amount finally arrived at as the fair and just compensation to be paid was required to be set forth in an amendment to the contract before payment could be made.

Thus we conclude from the whole record that petitioner was not able to ascertain with reasonable accuracy the amount to accrue until 1946 when the negotiations were completed and the change orders or amendments were executed. That amount was, therefore, not fixed and definite until 1946, at which time it was properly accrued. Such accrual is not precluded by the fact that the items of cost, representing labor, material, and overhead, pertaining to these items were accrued

by petitioner in 1945 and reflected in the computation of taxable income for that year. As to such amounts, liability and amount were fixed in that year. *Foster Wheeler Corporation*, 20 T. C. 15.

Other adjustments set forth in the notice of deficiency are no longer in controversy and were not assigned as error.

*Decision will be entered under Rule 50.*