A. D. IRWIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. O. LEIGHTON AND GERTRUDE LEIGHTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 45965, 45966. Filed July 21, 1955.

*John P. Kichline, Esq.*, and *Joseph H. Grubb, Jr., Esq.*, for the petitioners.

*William J. Hagan, Esq.*, for the respondent.

726

### OPINION.

BRUCE, *Judge:* The entire controversy turns upon whether the partnership, comprised of two of the petitioners, properly accrued as income in 1938 certain claims against the Government arising out of the partnership's contract to build a library at Howard University. The library building had been substantially completed in 1938 and the Government had been billed for all but $2,500 of the contract price. At the end of that year the partnership accrued the $2,500 together with $25,700 which it estimated was the amount of its claim for damages as a result of delays in the work which it contended were caused by the Government. Petitioners' contention that these accruals were proper is controverted by the respondent.

The partnership computes its income on the completed contract basis.[1] Such method of accounting contemplates proper accrual of

[1] Regs. 101. Chapter VII. Accounting Periods and Methods.
Part IV—Accounting Periods and Methods of Accounting.
ART. 42–4. Long-term contracts.—Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. As used in this article the term "long-term contracts" means building, installation, or construction contracts covering a period in excess

all unpaid billings, accounts receivable, and accounts payable in the year the contract is substantially completed, which in the instant case was 1938. *V. T. H. Bien*, 24 T. C. 49; *Ehret-Day Co.*, 2 T. C. 25. The only exception to the rule requiring the accrual of outstanding items in the year of completion is made in the case of outstanding items which are "contingent and uncertain." *National Contracting Co.*, 37 B. T. A. 689, 702, affd. (C. A. 8) 105 F. 2d 488; *Edward J. Hudson*, 11 T. C. 1042, affd. (C. A. 5) 183 F. 2d 180. We must therefore determine whether the items in question came within this exception.

In his brief the respondent does not mention the $2,500 balance due on the contract price which was accrued in 1938 and recovered as part of the judgment in 1946. We, therefore, are unaware of the respondent's reasons for determining that the $2,500 was not properly accruable until 1946. At no time did the Government contest the partnership's rights to the $2,500. At the end of 1938 there was no reasonable uncertainty with regard to its ultimate payment; and in our opinion the item was properly accrued in 1938. Cf. *Edward J. Hudson, supra.* When the partnership disputed and refused to pay two bills aggregating $741.01 with which it was presented in 1939, the Government withheld the $2,500 with the idea of effecting a set-off. The possibility of a set-off, however, did not affect the propriety of the accrual of the partnership's undisputed claim to the $2,500. *Rosa Orino*, 34 B. T. A. 726, 731.

Whether the partnership's estimated claim for damages in the amount of $25,700 was sufficiently fixed at the end of 1938 to warrant its accrual is the principal matter in dispute. It was well settled that the partnership as a contractor was entitled to recover as damages the amount of its expenses incurred by reason of delays caused by the Government. *Phoenix Bridge Co.* v. *United States*, 85 Ct. Cl. 603, 628. Here there had been a number of delays due to no fault of the partnership. The partnership was of the opinion that six of those delays were caused by the Government, and at the end of 1938 there was nothing to indicate that there would be any controversy as to the Government's liability with respect to those delays. However the partnership had never billed the Government or made a precise claim for the $25,700 up to the end of 1938, and the amount then accrued by

---

of one year. Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon either of the following bases :

\* \* \* \* \* \* \*

(b) Gross income may be reported for the taxable year in which the contract is finally completed and accepted if the taxpayer elects as a consistent practice so to treat such income, provided such method clearly reflects the net income. If this method is adopted there should be deducted from gross income all expenditures during the life of the contract which are properly allocated thereto, taking into consideration any material and supplies charged to the work under the contract but remaining on hand at the time of completion.

the partnership was a mere estimate on its part. While the partnership had good reason to believe that the Government was liable for some of the six delays, the amount of the liability was by no means certain. The number of days lost due to delays caused by the Government could only be estimated. At the end of 1938 the partnership had been granted extensions totaling 200 days by reason of delays for which it considered the Government liable, but in computing its proposed claim the partnership had used 257 days. Also in doubt was the amount of the partnership's damages for each day lost. For example, over one-half of the $25,700 accrual consisted of a pro rata portion of partnership's central office overhead. At the end of 1938 there was no legal precedent for including central office overhead in computing a contractor's damages. The first case allowing a pro rata portion of a contractor's central office overhead in computing his damages appears to have been *Brand Investment Co.* v. *United States*, 102 Ct. Cl. 40, 58 F. Supp. 749, which was decided June 5, 1944, 5½ years after the accrual here in question.

Unlike the cases cited by petitioners, the amount of the liability was extremely uncertain and could neither be reasonably estimated nor ascertained by a mere computation. The accrual in 1938 in the amount of $25,700 was therefore improper. *United States* v. *Anderson*, 269 U. S. 422, 441; *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281; *Globe Corporation*, 20 T. C. 299. The amount of the 1946 judgment in excess of $2,500, or the damages for delays less the amount of the disputed bills ($10,415.66), was includible in the partnership's 1946 taxable income and the claimed bad debt loss was properly disallowed.

*Decisions will be entered under Rule 50.*