FRANCISCO OLAZÁBAL, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. AP-63-19.     Decided June 11, 1964.

---

*Félix Ochoteco, Jr.,* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The taxpayer was engaged in the business of renting houses. He kept his books on the cash receipt and disbursement method, and his taxable year ended October 31. On June 20, 1947, eminent domain proceedings were instituted against two of taxpayer's real properties. The taxpayer litigated the reasonableness of the compensation. The court, on April 7, 1948, rendered judgment increasing said compensation, which became final on the seventh day of the following month. The additional amount granted was deposited in court on November 8, 1948. Since the taxpayer's taxable year ended on October 31, the question is when did the income represented by the increase in compensation accrue —during the taxable year of 1948 when the judgment became final, or during the taxable year of 1949? The Secretary of the Treasury sent notice of deficiency to the taxpayer for the year 1948, believing that any amount attributable to an increase in compensation corresponded to that taxable year. The matter was litigated and the trial court sustained the Secretary.

The case law and the doctrine stemming therefrom consider that a taxpayer who uses the cash receipt and disbursement method of accounting is not compelled to include in his return the compensation granted as a result of a condemnation until the amount is deposited in the court at his disposal. The rendering of a judgment is not sufficient. The deposit is required for the taxable obligation to accrue. The Solicitor General argued, invoking the decision of the

trial court, that from the moment the judgment was rendered the "payment, according to the condemnation laws in force, was fully guaranteed by the Constitution, and by the credit and good faith of The People of Puerto Rico" and, therefore, it was an income which had already been realized by the taxpayer. If we adopted this opinion we would be grafting a new concept in order to determine the tax obligation of persons or entities on the cash receipt and disbursement basis. The economic position of a debtor in a judgment cannot be the test. In the cash receipt and disbursement method the obligation to report income arises when it is actually paid or placed at the taxpayer's disposal.

*Keneipp* v. *United States*, 184 F.2d 263 (D.C. Cir. 1950) presents circumstances similar to these in the case at bar. In 1941 the Government of the United States instituted condemnation proceedings against several tracts of land. The amount of $35,000 was deposited as estimated just compensation. In September 1941, a judgment was rendered fixing $48,500 as proper compensation. At that point a third party filed an intervening petition claiming the amount of $2,000. On December 12, 1941, the court ordered the disbursement to the owner of the $35,000 deposited. On April 11, 1942, the court heard the intervening petition and on August 1, 1942 entered an order of distribution directing payment to the intervenor of $1,800 with the taxpayer receiving the remaining balance. The trial court (*Keneipp* v. *United States*, 85 F.Supp. 902 (1949), in deciding the question, stated that ". . . The amount determined with condemnation of the plaintiffs' property became available in September, 1941, to plaintiffs upon the entry of judgment in the amount of $48,500 and represented income to the plaintiffs in 1941, properly includible in plaintiffs' 1941 personal income tax return."

In reversing the judgment entered by the lower court, the Court of Appeals stated:

"The substantive point in the case at bar is whether the gain upon the condemnation award was, under the circumstances we have related, returnable in 1941 . . . . These taxpayers were on a cash basis. The treatment of judgments recovered by taxpayers on a cash basis has been established without deviation for many years. A judgment is treated as income to a taxpayer on a cash basis at the time when the money or property is recovered. The rule is recited in the Regulations as follows: 'If a person sues in one year on a pecuniary claim or for property, and money or property is recovered on a judgment therefor in a later year, income is realized in the later year, assuming that the money or property would have been income in the earlier year if then received.' "[1]

The regulation in effect in Puerto Rico at the time of the events of the case at bar was similar to the one copied above. Article 88, Income Tax Regulations No. 1, p. 61. Similar provision appears in the Regulations now in force, Art. 42.1, 13 R.&R.P.R. § 3042–1(a).

In *Nitterhouse* v. *United States*, 207 F.2d 618, 620 (3d Cir. 1963), *cert. denied*, 347 U.S. 943, *reh. denied*, 347 U.S. 970, an eminent domain case, it was stated that "the simplest and most easily administered rule seems to us to be to make the transaction taxable when the taxpayer gets his money." The district court in rendering judgment, affirmed by the Court of Appeals, *Nitterhouse* v. *United States*, 111 F.Supp. 339 (D.C.E.D. Penn. 1953), stated that "in determining how gains realized from condemnation proceedings are to be taxed, a taxpayer should apply the income tax law in effect at the time the taxpayer, on a cash basis, received payment for his property."

In 2 Mertens, Law of Federal Income Taxation 182–183, § 12.65 (1961 ed.) the rule is stated as follows:

"Where, in condemnation proceedings, no agreed amount is paid by the condemning authority until the litigation is finally

---

[1] It so appears in the 1954 Regulations.

culminated, no amount need be accrued as income until the litigation is terminated. Where, however, the condemning authority not only admits liability for a stated amount but actually pays that amount into the court and it, in turn is paid to the taxpayer, the transaction as to that payment is closed. To the extent that it represents gain, it is taxable when received."

See, also: *Iriarte* v. *Secretary of the Treasury*, 84 P.R.R. 164 (1961); *Patrick McGuirl, Inc.* v. *Commissioner of Internal Rev.*, 74 F.2d 729 (2d Cir. 1935); *Driscoll Bros. & Company* v. *United States*, 221 F.2d 603 (D.C.N.D.N.Y. 1963); *cf. Wendell* v. *C.I.R.*, 326 F.2d 600 (2d Cir. 1964).

Corresponding the income which is the object of the deficiency to tax year 1949, the judgment rendered by the Superior Court, San Juan Part, on May 2, 1959, is reversed and a new judgment granting the complaint is entered.