Henry LUSTIG

v.

The UNITED STATES.

No. 330–53.

United States Court of Claims.
March 6, 1956.

Robert K. McConnaughey, Washington, D. C., for the plaintiff. Philip Zimet, New York City, and Richard T. Conway, Washington, D. C., were on the briefs.

William T. Kane, Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for the defendant. Andrew D. Sharpe and John W. Hussey, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

The plaintiff sues to recover income taxes for the year 1947 in the amount of $23,571.34, with interest. The plaintiff kept his books and filed his returns on the cash receipts and disbursements basis and used the calendar year as his annual accounting period. The plaintiff contends that he overpaid his income taxes for 1947 because he failed to take a deduction for interest paid during

that year. A timely claim for refund was filed, rejected, and this suit followed.

The facts are not in dispute and may be summarized as follows: The plaintiff owned or controlled several corporations known collectively as the Longchamps Chain of restaurants. In August of 1946 plaintiff was assessed $1,931,435.37, and the corporations were assessed $6,461,563.50 for deficiencies in Federal tax for the taxable years 1940 through 1944, plus penalties and interest. The taxpayers disputed the amount of these liabilities and negotiations were entered into by representatives of the taxpayers and the Commissioner of Internal Revenue which culminated in a closing agreement dated September 27, 1946. This 1946 closing agreement specified that the correct amount of the deficiencies in tax and penalties for the taxable years 1940 through 1944 was $808,326.77 with respect to plaintiff, and $4,958,894.18 with respect to the corporations. This closing agreement provided that plaintiff and the corporate taxpayers were jointly and severally liable for all the taxes.

A substantial portion of the corporations' tax liabilities had been paid prior to the 1946 closing agreement, and both plaintiff and the corporations made installment payments on their liabilities from time to time in conformance with the terms of that agreement.

In April 1947 the Commissioner assessed against plaintiff an income tax deficiency for 1945 in the amount of $41,494.31, with interest thereon in the amount of $2,694.29, or a total of $44,-188.60. Deficiencies and interest thereon were also assessed against the corporations for the year 1945 in the total amount of $154,123.91.

In February 1947 the Longchamps restaurants lost their liquor licenses. As a result of the loss of the licenses, it was anticipated that the income from the business would lessen materially and that the business might operate at a loss. The plaintiff was trying to find a buyer for the Longchamps Chain, and to facilitate a sale it was proposed to the Commissioner that another closing agreement be entered into by which a payment could be made in complete satisfaction of all outstanding liabilities of the taxpayers.

By an agreement of sale, dated June 30, 1947, between plaintiff and the Fornow Corporation, as amended by an agreement dated July 7, 1947, plaintiff sold to the Fornow Corporation the total issued and outstanding stock of Henry Lustig Co., Inc. Henry Lustig Co., Inc. owned all the stock of Restaurant & Patisseries Longchamps Inc., which owned all the stock of the other corporate taxpayers.

On August 7, 1947, the Commissioner entered into a closing agreement with the Fornow Corporation and plaintiff and his corporations under which the Government agreed to close all the liabilities for income, declared value excess profits, excess profits taxes, and personal holding company surtaxes, together with penalties and interest, of all the corporation taxpayers for all periods prior to July 1, 1947, and for plaintiff individually for all periods prior to January 1, 1947, for the payment to it of $3,000,000 in cash and the delivery of four notes of the Fornow Corporation in the amount of $50,000 each, which notes were to mature annually, the first to mature in July of 1948.

The $3,000,000 in cash was to be paid, and the $200,000 in notes was to be delivered, to the Government by the Fornow Corporation for and on behalf of plaintiff and the corporate taxpayers, pursuant to the agreement of sale between plaintiff and Fornow Corporation. This 1947 closing agreement did not specify how the payments to be made under it were to be allocated as among the accounts of the various taxpayers.

The $3,000,000 in cash was paid in 1947, one $50,000 note was paid in 1948, and the balance of the notes ($150,000) were paid in 1949.

When the 1947 closing agreement was entered into the plaintiff's total individual tax liability, aside from his joint and several liability for the corporate taxpayers' taxes, was $838,317.14. This sum included both assessed and unassessed taxes, penalties, and interest. Of this sum, $770,780.88 represented taxes and penalties, and $67,537.26 represented interest. The total amount of the taxes, penalties, and interest owed by plaintiff and the corporate taxpayers at the time the 1947 closing agreement was entered into, excluding consideration of the taxable year 1947, was $3,492,984.93. These sums were determined for plaintiff by an agent of the Internal Revenue Service, and defendant does not except to them.

It was anticipated by all concerned that the corporate taxpayers would operate at a substantial loss after losing their liquor licenses in February of 1947. The taxpayers' representative, in the negotiations resulting in the 1947 closing agreement, believed that these operating losses would be sufficient to offset all liability for taxes, penalties, and interest owed by the corporations except for those owed under the 1946 closing agreement, and that no more than $3,000,000 would be due from all the taxpayers for the period covered by the 1947 closing agreement after the expected operating losses of the corporations were taken into account. This view was communicated to the Internal Revenue Bureau and the prospect of the operating losses by the corporate taxpayers, because of the loss of their liquor licenses, was taken into account by the parties in reaching the 1947 closing agreement. A tentative agreement was reached fixing the total amount to be paid by plaintiff and the corporate taxpayers at $3,000,000. This sum was subsequently increased to $3,200,000. █ The plaintiff contends that $67,-537.26 of the amount paid under the

1947 closing agreement was paid as interest and is therefore deductible under section 23(b)[1] of the Internal Revenue Code of 1939, as amended, 26 U.S.C. § 23. The plaintiff argues that the total amount paid under the 1947 closing agreement represented the total correct liability of plaintiff and the corporate taxpayers and that there was not a compromise settlement whereby a lump-sum payment of part of the total liability was accepted in satisfaction of the whole. The plaintiff also argues, however, that if there was a compromise, the compromise related only to the corporate taxpayers and that plaintiff's individual taxes, penalties, and interest were paid in full.

The defendant contends that the 1947 closing agreement was a compromise of plaintiff's and the corporate taxpayers' liabilities; further, that no allocation of the amount paid by all the taxpayers can be made and therefore no interest deduction should be allowed.

In connection with plaintiff's contention that there was no compromise, defendant points out that the correct liability of the corporate taxpayers could not be determined at the time of the 1947 closing agreement because the effect of the anticipated operating losses of the corporate taxpayer was unknown. A lesser sum than the known liabilities was accepted by the Government, and we believe that there was clearly a compromise of the corporate taxpayers' liabilities.

The defendant contends that if the 1947 closing agreement was a compromise, the lump-sum payment made after that agreement, was not a payment of income taxes, penalties, and interest, but was a payment in lieu of such liability, and no part of the payment is deductible as interest. The defendant relies on I.T. 3852, 1947–1 C.B. 15, which so states.

1. "§ 23. Deductions from gross income.
   In computing net income there shall be allowed as deductions:
   *      *      *      *      *

   (b) *Interest.* All interest paid or accrued within the taxable year on indebtedness, * * *."

If I.T. 3852 was intended to deny a deduction for interest in all cases where a lump-sum payment is made in compromise, regardless of whether the amount of interest included in the lump-sum payment can be ascertained, we disagree with it. See Max Thomas Davis v. Commissioner, 46 B.T.A. 663, where a deduction was allowed for the amount of interest set forth in the compromise agreement. If the amount of interest is ascertainable from the agreement or the circumstances surrounding the agreement, we see no reason for denying a deduction for the interest. However, if the amount of interest paid is not clearly ascertainable, and the lump-sum payment is less than the asserted or correct (depending on the type of compromise) principal amount due, no deduction for interest can be allowed because the interest has lost its identity and the taxpayer is unable to prove that he paid any interest, not because the lump-sum payment was made in lieu of taxes, penalties, and interest. Cf. Petit v. Commissioner, 8 T.C. 228; Automatic Sprinkler Co. of America v. Commissioner, 27 B.T.A. 160.

In the instant case, the amount of interest that plaintiff paid on his individual tax liabilities is ascertainable. The compromise related to the corporate taxpayers. The record affords no basis for a conclusion other than that the plaintiff paid the full amount of his individual taxes, penalties, and interest. The plaintiff, having paid the full amount of his individual liability, $838,317.14, is entitled to deduct the interest included in that payment, $67,537.26, in the year of payment.

There remains for consideration the effect of the four $50,000 notes of the Fornow Corporation, which were not paid until 1948 and 1949, in relation to the question of the year of payment. In 1947 the Government received as payment of the plaintiff's and the corporate taxpayers' taxes, penalties, and interest, $3,000,000 in cash, and $200,000 in notes, which were not paid in 1947. The question arises as to which year

the interest in the amount of $67,537.26 was paid. For purposes of determining year of payment, we deem this situation appropriate for the application of the fundamental rule that partial payments shall first be credited to interest and then to principal, unless otherwise specified. Thus applied, the $67,537.26 of ascertainable interest was paid in 1947 when the $3,000,000 cash payment was made.

The plaintiff is entitled to recover with interest as provided by law, and judgment will be entered accordingly.

The determination of the amount of recovery shall await the filing of a stipulation by the parties showing the amount due in accordance with the findings and opinion of the court.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.