MARION BRINK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90518.   Filed December 28, 1962.

*K. G. Seitz, Esq.*, for the petitioner.
*Henry T. Nicholas, Esq.*, for the respondent.

OPINION.

SCOTT, *Judge:* Respondent determined a deficiency in petitioner's income tax for the year 1958 in the amount of $52,625.77. By amended answer, he claimed an increased deficiency of $1,841.11, making a total deficiency here involved of $54,466.88.

The issue for decision is whether petitioner is entitled to deduct all or any part of a payment made in compromise of a liability for assessed income taxes, additions to tax and interest, and accrued but unassessed interest, where the amount paid was less than the total liability for the assessed income taxes and additions to tax.

All of the facts have been stipulated and are found accordingly.

Petitioner is an individual who filed her income tax return for the year 1958 with the district director of internal revenue at Louisville, Ky. She is the widow of James H. Brink and executrix of his estate.

On October 4, 1957, petitioner individually and as executrix of the estate of James H. Brink and with her daughter, Marilyn R. Brink, transferee, filed an offer in compromise with respect to the following outstanding primary liabilities, excluding duplicate and transferee assessments, as of the date of the offer:

| Assessed income tax | Assessed additions to tax under sec. 293(b), I.R.C. 1939 | Assessed interest | Accrued interest (unassessed) |
|---|---|---|---|
| $369,589.94 | $196,083.63 | $133,491.34 | $180,383.22 |

This offer in compromise was addressed to respondent through the district director of internal revenue and recited that charges of violation of law or failure to meet an internal revenue obligation had been made against the proponent as deficiencies in income tax for the years 1942 through 1952 and that to secure the release of the proponent from liability resulting from the violation or failure specified, the sum of $247,500 to be paid as set forth in an attached statement, together with interest at the rate of 6 percent per annum on all deferred payments from the date this offer is accepted until the respective payments are made in full, is tendered voluntarily with the request that it be accepted in compromise of all liability for taxes, additions to tax, and interest as set forth in certain docketed cases. The attached statement recited in part:

It is proposed that the manner of payment of the deficiencies would be as follows:

1. There will be paid to the Government in compromise of the tax deficiencies, interest and penalties the sum of $300,000.00, less credit for all jeopardy seizures already in the hands of the Government. The jeopardy seizures are established at $52,941.36, and are represented by the following items:

\*   \*   \*   \*   \*   \*   \*

2. The balance owing in round figures would be $247,500.00. Of that amount approximately $8,000 will be paid immediately upon acceptance by the Commissioner of Internal Revenue of this offer in compromise. \* \* \*

3. The remaining balance owing of approximately $239,000.00 will be paid in full within nine (9) months of the acceptance of this offer in compromise, although every effort will be made to pay the agreed amount as early as possible.

4. As further consideration for the acceptance of this offer in compromise, each of the proponents has executed the enclosed collateral agreement which shall be of no force and effect unless this offer in compromise is accepted by or on behalf of the Commissioner of Internal Revenue.

On November 15, 1957, the offer in compromise was accepted by respondent and petitioner was notified of this acceptance by a letter which stated in part as follows:

This refers to your offer of $247,500.00 together with waiver of refunds as provided by Form 656–C, submitted through the District Director of Internal Revenue, Louisville, Kentucky, in compromise of the liabilities for income tax, penalties and interest, including accrued interest, of James H. Brink, deceased, for the taxable years 1942 through 1947, the joint liabilities of James H. Brink, deceased and Marion Brink for the taxable years 1948 through 1950 and 1952, the liabilities of Marion Brink, individually for the taxable years 1944 through 1947, and the liability of Marilyn Brink, as transferee, for the years 1947 through 1950, and in compromise of any 1951 income tax liability.

\* \* \* \* \* \* \*

The offer has been accepted under the terms proposed. The amount offered should be paid to the District Director of Internal Revenue, Louisville, Kentucky.

On the acceptance of the offer in compromise respondent abated all outstanding liabilities and set up a separate liability for the amount due under the offer in compromise, or $247,500, on his accounting records.

In compliance with the terms of the offer in compromise petitioner paid $9,498.24 on December 27, 1957, which represented the proceeds from certain insurance policies held by petitioner on the life of James H. Brink.

In 1952 and 1953 respondent seized property of petitioner, Marilyn Brink, and James H. Brink, having a value of $52,941.36 which was credited to the then outstanding liabilities. In accordance with the terms of the offer in compromise and the acceptance by respondent, the proponents of the offer waived any claims they may have had for refund of these amounts.

On August 5, 1958, petitioner paid respondent $248,409.07 in compliance with the terms of the offer in compromise and respondent's acceptance. This payment was acknowledged by the acting district director of internal revenue on August 5, 1950, with the following statement:

Receipt is acknowledged of certified check in the amount of $248,409.07 in compromise of the liabilities for income tax, penalties and interest, including accrued interest, of James H. Brink, deceased, for the taxable years 1942 through 1947, the joint liabilities of James H. Brink, deceased, and Marion Brink for the taxable years 1948 through 1950 and 1952, the liabilities of Marion Brink, individually, for the taxable years 1944 through 1947, and the liabilities of Marilyn Brink, as transferee, for the years 1947 through 1950 and in compromise of any 1951 income tax liability as set forth in paragraph one of the Commissioner's letter of November 15, 1957.

The amount of $248,409.07 constituted the balance of the amount due under the offer in compromise of $238,001.76 and $10,407.31 in interest which had accrued on the amount due from the date of acceptance of the offer to the date of payment.

On page 2 of her income tax return for 1958, petitioner claimed an interest deduction in the amount of $279,218 which amount was stated to have been paid to the district director of internal revenue.

Respondent in his notice of deficiency allowed an interest deduction of $10,407.31 which represented the accrued interest payment on the amount due under the offer in compromise and disallowed the balance of the claimed interest deduction with the following explanation:

It is held that your allowable deduction for interest under section 163 of the Internal Revenue Code of 1954, as amended, is $10,407.31, rather than $279,218.00 as claimed on your return.

Respondent by amendment to answer claimed an increased deficiency in the amount of $1,841.11, resulting from a reduction of petitioner's distributive share of a partnership loss from $10,389 as shown on her income tax return for 1958 to $389.17. The parties have stipulated that petitioner's distributive share of the partnership losses for 1958 was $389.17. Petitioner does not argue that the allowable loss should be in excess of the amount of $389.17, but in effect concedes the adjustment alleged by respondent in his amendment to answer.

Petitioner on her return deducted as interest paid to the district director of internal revenue an amount in excess of the entire payment she made in 1958 in connection with the offer in compromise. However, on brief, she contends only for an interest deduction in the amount of $95,326.33. This claimed interest deduction consists of the $10,407.31 of interest accrued on the amount due under the offer in compromise from the date of the acceptance of the offer to the date of payment, which amount was allowed by respondent in his notice of deficiency, plus an amount of $84,919.02 computed on the basis of a proration of the payment of $247,500 on a percentage basis between assessed taxes and additions to tax and assessed and accrued but unassessed interest, reduced by the portion of the total allocated to interest which is attributable to the $9,498.24 paid in 1957.

Petitioner argues that where a taxpayer pays an amount less than his recognized obligation for principal and interest in discharge of the entire obligation but without allocation of the payment between principal and interest, the amount of the payment should be allocated between principal and interest on a proportionate basis, relying on *Weldon Smith*, 17 T.C. 135 (1951), reversed on another issue 203 F. 2d 310 (C.A. 2, 1953); *Warner Co.*, 11 T.C. 419 (1948), affirmed per curiam 181 F. 2d 599 (C.A. 3, 1950); and *Lustig* v. *United States*, 134 Ct. Cl. 351, 138 F. Supp. 870 (1956).

Respondent takes the position that the *Warner* case is not in point in the instant case since in that case it was clear that a portion of the purchase price paid by petitioner for its own obligation was in discharge of its obligation to pay interest, whereas in the instant case the payment was not in any part in payment of interest but was a compromise of petitioner's liability in lieu of such payment. Respondent relies on his ruling as set forth in I.T. 3852, 1947–1 C.B. 15, in which he stated his position as follows:

It is the position of the Bureau, however, that the acceptance of a lump sum in compromise of Federal income tax, penalties, and interest does not result in payment of income tax, penalties, or interest, but is in lieu of liability therefor. Accordingly, in the instant case, no part of the amount accepted by the Government from the taxpayer in compromise of the proposed income tax deficiencies, plus penalties and interest thereon, may be deducted as interest under section 23(b) of the Internal Revenue Code, supra. (Cf. *Max Thomas Davis et al.* v. *Commissioner*, 46 B.T.A. 663 acquiescence, C.B. 1942–1, 4, which is clearly distinguishable on the facts involved therein.)

In *Lustig* v. *United States, supra,* the Court of Claims stated as follows with respect to this ruling of respondent:

If I.T. 3852 was intended to deny a deduction for interest in all cases where a lump-sum payment is made in compromise, regardless of whether the amount of interest included in the lump-sum payment can be ascertained, we disagree with it. See Max Thomas, Davis, et al. v. Commissioner, 46 B.T.A. 663, where a deduction was allowed for the amount of interest set forth in the compromise agreement. If the amount of interest is ascertainable from the agreement or the circumstances surrounding the agreement, we see no reason for denying a deduction for the interest.

The Court of Claims held in *Lustig* v. *United States, supra,* that the individual liability of the taxpayer there involved had not been compromised but the principal amount of such liability and interest thereon paid in full. Under the facts there present the Court of Claims found that only the corporate liabilities had been compromised.

The case of *Max Thomas Davis,* 46 B.T.A. 663 (1942), while distinguishable on its facts from the instant case, recognized that a compromise is a contract and that where under the contract of compromise it is clear that a portion of the payment is in discharge of a liability for interest on the taxpayer's income taxes, such portion of the total payment is deductible as interest. It is clear from our holding in *Max Thomas Davis, supra,* that a compromise of tax liabilities, just as any other contract, must be construed to determine whether any portion of the payment is in fact in discharge of the interest obligation of the taxpayer.

Since respondent's disallowance of a deduction is presumptively correct and the burden is upon petitioner to establish that she is entitled to the claimed deduction for interest, the question thus becomes whether the evidence in the instant record is sufficient to show

that any portion of the amount paid by petitioner in 1958 in excess of the interest deduction allowed by respondent was in fact a payment of interest on petitioner's obligation. In *Raytheon Production Corporation*, 1 T.C. 952, 960 (1943), affd. 144 F. 2d 110 (C.A. 1, 1944), which involved the question of whether a lump-sum payment received by the taxpayer there involved in settlement of a lawsuit constituted in part a replacement of capital, or was entirely a payment in settlement of other matters involved in the lawsuit, we stated:

Petitioner not only released and settled any claim for capital damage, but all other claims it had against RCA * * *

Under such a record the item of alleged damage or injury to capital, good will, and reputation of business must be seen as merely one of a series of matters, involving both past and future, settled or conveyed for the same consideration, and we are unable to allocate any portion of the settlement to nontaxable capital recovery in the face of the presumption that the Commissioner's determination to the opposite effect is correct.

In *Weldon D. Smith, supra*, the allocation made to interest was in accordance with respondent's determination because of the taxpayer's failure to show error therein. Cf. *William Justin Petit*, 8 T.C. 228, 236 (1947), and *James F. Keith*, 35 T.C. 1130, 1138–1139 (1961).

The evidence here shows that the payment made by petitioner was in compromise of liabilities for income tax, additions to tax, and interest of James H. Brink, deceased, and of Marilyn Brink as transferee, as well as for her own personal liabilities. The evidence does not show what portion of the overall liabilities compromised was for income tax, additions to tax, and assessed interest of James H. Brink, deceased, for the taxable years in which petitioner's personal liability was not joint with his. There is no reason to assume that the liabilities for the taxes, additions to tax, and interest of James H. Brink, deceased, would not be the liability of his estate and not petitioner's personal liability. Furthermore, the compromise included the transferee liability of Marilyn Brink. The record does not show the basis for such transferee liability. The amounts of the assessed income taxes, additions to tax and interest, and accrued but unassessed interest, were stipulated by the parties, after excluding duplicate and transferee assessments. The evidence does not show the portion of the stipulated liabilities which was included in the liability determined against Marilyn Brink, transferee, or when the transfer of the assets upon which the transferee liability was based was made. It is well settled that the deduction under section 163(a) of the Internal Revenue Code of 1954 as under the similar provisions of the Internal Revenue Code of 1939 for interest paid, is for interest on an obligation of the taxpayer claiming the deduction and that payment of interest on the obligation of another does not meet the statutory requirement for deduction. *James Simpson Dean*, 35 T.C., 1083, 1085

(1961). Cf. *Koppers Co.*, 3 T.C. 62 (1944), affirmed sub nom. *Commissioner* v. *Breyer*, 151 F. 2d 267 (C.A. 3, 1945). All that the record here shows is that upon acceptance by the Commissioner of the offer in compromise, the obligation to pay the $247,500 offered in compromise of the various liabilities became a primary liability of petitioner, even though the estate of James H. Brink and Marilyn Brink, transferee, became jointly liable with her under the offer. Respondent did not disallow the interest paid by petitioner on the unpaid portion of the amount offered in compromise which accrued after the date of acceptance of that offer.

Petitioner has failed to prove error in respondent's disallowance of the balance of her claimed deduction for interest paid.

Since it appears from the notice of deficiency that certain amounts paid with respect to petitioner's 1958 income tax may not have been considered in the computation of the deficiency,

*Decision will be entered under Rule 50.*