VICTOR F. AND MARIE HIMMELWRIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Himmelwright v. Commissioner
Docket No. 33800-84.
United States Tax Court
T.C. Memo 1988-114; 1988 Tax Ct. Memo LEXIS 143; 55 T.C.M. (CCH) 403; T.C.M. (RIA) 88114; March 16, 1988; As Amended April 7, 1988; As amended March 21, 1988 *143 Petitioner H and respondent entered into an oral agreement, confirmed in writing by petitioner H's counsel, settling all issues pertaining to petitioners' Federal income tax liabilities for the years 1974 through 1977. Approximately 2 months after the parties agreed to the settlement, and after the cancellation of a special trial session, respondent was informed that petitioner sought to offset net operating loss carrybacks from the years 1978 through 1980 against the settlements amounts. Held: Decision will be entered in accordance with the parties' original settlement. Edward C. Kesselman, for the petitioners. William S. Garofalo and Daniel K. O'Brien, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By statutory notice dated June 28, 1984, respondent determined deficiencies in and additions to petitioners' Federal income tax for the years and in the amounts as follows: Addition to Tax
Year
Deficiency
Section 6653(b) [1] *144 Total
1974
$ 95,825.17
$ 47,912.58
$ 143,737.75
1975
16,398.66
8,199.33
24,597.99
1976
9,865.65
4,932.83
14,798.48
1977
4,681.52
2,340.76
7,022.28
For convenience, our Findings of Fact and Opinion are combined. On May 13, 1987, we granted respondent's motion, filed April 24, 1987, to amend his answer so as to increase the deficiency for 1977 to $ 7,649.52 and the addition to tax under section 6653(b) to $ 3,824.76. On July 31, 1987, respondent filed a second motion to amend his answer to allege additional unreported income. This motion was not ruled upon because of the settlement which is the subject of this opinion. This case was originally placed on the May 26, 1987, trial calendar in New York City. On joint motion of the parties, it was moved to a special session to be held on July 13, 1987. On petitioner's motion the trial was subsequently moved to August 12, 1987. Prior to the trial and unbeknownst to petitioner, respondent and Mrs. Himmelwright [2] agreed to settle her liability with no tax to be assessed against her. [3] *145 Near the end of July 1987, the parties reached an agreement by settling the case. The Court was informed of this agreement by petitioner's counsel on August 3, 1987. In reliance upon counsel's representation, the scheduled trial in August was cancelled. The settlement was memorialized in a letter to respondent from petitioner's counsel dated August 4, 1987, which stated as follows: August 4, 1987 Daniel K. O'Brien, Esq. Internal Revenue Service District Counsel's Office 970 Broad Street Newark, New Jersey 07102 Re: Himmelwright v. Commissioner Docket No. 33800-84 Dear Mr.O'Brien: This letter confirms the settlement agreement reached by and between us as counsel for the parties in the above referenced matter. We agreed to settle this action on the following terms: Tax deficiencies in the following amounts together with an IRC [section] 6653 (b) penalty reduced to twenty-five percent (25%): 1974
1975
1976
1977
$ 28,635
33,980
19,921
12,464
We agree on behalf of Petitioner, Victor Himmelwright, that the settlement sum due to the Service shall be paid directly from the monies currently *146 held in escrow by the Court and/or counsel in Petitioner's matrimonial proceeding. Your office will promptly prepare a formal settlement together with a stipulation of discontinuance, with prejudice, with each party to bear their own costs. If the foregoing does not comport with your understanding of our agreement, please contact me at once. Very truly yours, /s/ Edward C. Kesselman
Also on August 4, respondent sent decision documents as requested by petitioner's counsel requesting that the original and four copies be signed and returned to respondent's office so that they might be filed with the Court. Hearing no response, respondent's counsel repeated his request by letter dated September 9, 1987, and again by undated letter sent September 25, 1987, that the documents be executed and returned. Petitioner's counsel responded by letter dated September 29, 1987, which stated that "the settlement papers were immediately forwarded by us to Victor Himmelwright's accountant both for mathematical computation and for tax computations in light of net operating loss carrybacks which will affect the settlement years." On November 9, 1987, respondent moved for a decision to be entered in *147 accordance with the parties' settlement as set forth in the letter from petitioners's counsel dated August 4, 1987. In support of his motion, respondent argues that (1) the settlement encompasses all issues since it was based upon a specific dollar amount and not upon concessions of any underlying legal or factual issues; (2) there are present none of the generally recognized grounds for setting aside a settlement (misrepresentation, mutual mistake of fact); (3) the settlement should be conclusive since the issue of petitioner's entitlement to any net operating loss carrybacks was not presented in a timely manner. Respondent states that he was not informed of the issue until over 6 weeks after the third trial date and more than 9 weeks after the parties agreed to the settlement. Respondent further argues that the issue was not properly raised in petitioner's pleadings and may only be raised by an amendment pursuant to Rule 41(a). Petitioner argues that the application of any net operating loss carrybacks is properly relegated to the status of a Rule 155 computation which, if allowed, would result in no substantial expenditure of time or effort on the part of the parties or the Court. *148 Should we decline to interpret the settlement in such a manner, petitioner argues that there was no meeting of the minds and that the settlement did not encompass all issues until a formal settlement document was reviewed and executed. Finally, petitioner complains of the agreement between respondent and Mrs. Himmelwright relieving her of any tax liability. Petitioner argues that he agreed to the instant settlement in part because of his reliance upon an earlier settlement between those two parties. He argues that the subsequent settlement between them requires him to bear the entire burden of any deficiency and he should therefore be afforded relief from the settlement. Both sides argue for the enforcement of the settlement agreement, although the sides disagree as to what the terms of that agreement are. Respondent argues that the settlement should be enforced along the lines of petitioner's counsel's letter of August 4, 1987. Petitioner argues that he should be allowed to carry his net operating losses for 1978 through 1980 back to the years involved in the settlement. Since petitioner filed no claim for refund as contemplated by section 6511(d)(2), he contends that the only *149 avenue which he has for taking advantage of those net operating losses is their offset against the settlement amounts. In the event that we do not permit petitioner to assert these carrybacks, he argues that the parties' settlement is avoidable due to a lack of a meeting of the minds and/or a mutual mistake of fact. Should we allow petitioner to assert his entitlement to losses carried back from 1978 through 1980, it is then respondent who asks that we declare the settlement voidable. Respondent would challenge petitioner's entitlement to those losses pursuant to section 6214(b)[4] with the goal of eliminating any carryback. This and other courts have held that the compromise and settlement of tax cases is governed by general principles of contract law. *150 In Robins Tire and Rubber Co. v. Commissioner,52 T.C. 420, 435-436 (1969), we stated that "a compromise is a contract and thus is a proper subject of judicial interpretation as to its meaning, in the light of the language used and the circumstances surrounding its execution." See also Brink v. Commissioner,39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964); United States v. Lane,303 F.2d 1, 4 (5th Cir. 1962); Kehoe v. United States, an unpublished opinion ( S.D. N.Y. 1979, 44 AFTR 2d 79-5549, 79-5550, 79-2 USTC par. 9524 at 87,870). [5] The Third Circuit, whom we are bound to follow [6] *151 has held that "An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." Green v. John H. Lewis and Co.,436 F.2d 389 (3d Cir. 1971). See also Estate of Jones v. Commissioner,795 F.2d 566, 573 (6th Cir. 1986), affg. T.C. Memo. 1984-53; Cooper-Jarrett Inc. v. Central Transport, Inc.,726 F.2d 93 (3d Cir. 1984). This Court has refused to enforce a settlement reached at the appeals level unless the taxpayer showed that the settlement documents were signed by respondent's authorized representative and filed with the Court. Cole v. Commissioner,30 T.C. 665 (1958), affd. per curiam 272 F.2d 13 (2d Cir. 1959); see Estate of Jones v. Commissioner, supra.[7] However, we have declined to set aside a settlement duly executed by the parties and filed with the court in the absence of fraud or mutual mistake. Stamm International Corp. v. Commissioner, 90 T.C.     (Feb. 22, 1988); Specter v. Commissioner,42 T.C. 110 (1964); see also Kehoe v. United States, supra at par. 9592. We find that the parties reached an agreement no later than August 4, 1987, the date of the confirmatory letter from petitioner's counsel. That letter could not be more clear, and confirms the fact that the parties had agreed to settle petitioner's Federal income tax liabilities for 1974 through 1977 for a sum certain. Prior to entering the settlement agreement, respondent was unaware of petitioner's argument that he be allowed to offset the settlement amounts by any applicable *152 net operating loss carryback. Indeed, petitioner admitted in his first response to respondent's motion that "moreover, it was not until the formal settlement documents were delivered by respondent that petitioner realized that mistake of facts existed (e.g., exemption for Mrs. Himmelwright and no agreement on operating losses)." As stated in Corbin on Contracts, section 608 (West 1960): If the mistake of one party to a written instrument is in thinking that it contains a larger promise by the other party than in fact it does, and the other party has no reason to know of this mistake, of course the mistaken party cannot hold the other to the large promise that he did not make, by getting reformation or otherwise.
Such is the situation present in this case. Respondent could not have been aware of the existence of any net operating loss carrybacks, as the issue was not raised by petitioner in his pleadings or otherwise. Rule 34(b)(4) requires the petition to contain "clear and concise statements of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Petitioner seeks to justify his failure to *153 include this issue in his pleadings by arguing that the matter is properly relegated to the status of a Rule 155 computation. However, the provisions of Rule 155 are not applicable until "the Court has filed or stated its opinion determining the issues in a case * * *." Rule 155(a). We have made no such determination in this case. Further, Rule 155(c) states that ''no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues." (emphasis added.) Petitioner's analogy to Rule 155 is therefore misguided. Although it is not a determinative factor, we are aware of the consequences of our refusal to enforce the settlement. The trial of this case was continued twice before being canceled on the representation of petitioner's counsel regarding the parties' settlement. If respondent's motion is denied, the case must once again be set for trial, presumably at a special session. In the event that petitioner is allowed to raise the issue of his entitlement to any net operating loss carrybacks, [8] *155 respondent would presumably be entitled to contest the validity of the losses giving rise to those carrybacks *154 pursuant to section 6214(b). Such a context would, respondent asserts, require the reconstruction of petitioner's income for 1978 through 1980 which could only be accomplished through lengthy and complex discovery procedures. Additionally, the Court has yet to rule upon respondent's second motion to amend his answer seeking an increased deficiency against petitioner based upon evidence only recently received by respondent after the conclusion of a criminal action involving petitioner. As we stated in Stamm International Corp. v Commissioner, 90 T.C.     (Feb. 22, 1988), slip op. at 10, "more [Text Deleted by Court Emendation] stringent standards should be applied to a motion to vacate a settlement agreement [on the eve of trial] than to modifying a pre-trial order pursuant to which a case is tried." The scenario described by respondent "adequately demonstrates the injury to [respondent] and the inconvenience to the Court in relieving [petitioner] of the settlement agreement and resetting the case for trial." Stamm International Corp. v. Commissioner, supra, slip op. at 10. Finally, petitioner argues that a mistake of fact exists because of respondent's agreement to settle Mrs. Himmelwright's tax case without any deficiency. We find such argument to be without merit. We fail to see the relevance of any agreement between Mrs. Himmelwright and respondent to the enforcement of the settlement between the petitioner and respondent. First of all, nothing in the letter of August 4 makes petitioner's income tax liability contingent in any way upon any agreement with Mrs. Himmelwright. Secondly, section 6013(d)(3) provides that signers of a joint return are jointly and severally liable for any tax due. Finally, the agreement between respondent and Mrs. Himmelwright is in effect no more than respondent's concession of the innocent spouse issue raised in the Himmelwrights' petition. In accordance with the foregoing, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. 2. All further references to petitioner are to Victor Himmelwright. ↩
3. In their petition, Mrs. Himmelwright asserted that she was entitled to innocent spouse relief pursuant to section 6013(e). By the time petitioner and respondent reached their settlement, Mrs. Himmelwright was represented by separate counsel. 4. SEC. 6214(b)↩. JURISDICTION OVER OTHER YEARS AND QUARTERS. -- The Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid. 5. See also Ball v. Commissioner,T.C. Memo. 1984-218↩. 6. See Golsen v. Commissioner,54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 970 (1971). 7. See also Oman v. Commissioner,T.C. Memo 1987-71↩. 8. Under Rule 41(a), a party at this stage of the proceedings "may amend his pleading only by leave of Court * * * and leave shall be freely given when justice so requires." We need not decide whether such leave would be given, as it has not yet been sought.