YOO HAN & CO., LTD., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Yoo Han & Co. v. Commissioner
Docket Nos. 20375-87, 20378-87, 12791-88, 12989-88
United States Tax Court
T.C. Memo 1991-308; 1991 Tax Ct. Memo LEXIS 360; 62 T.C.M. (CCH) 83; T.C.M. (RIA) 91308; July 8, 1991, Filed *360 An appropriate order and decision will be entered. John and Woon Young Yoo, pro se. Bruce Wilpon and Stephen Ianello, for the respondent. WELLS, Judge. WELLS
MEMORANDUM OPINION The instant case is before us on respondent's motion for entry of decision which is based upon a settlement reached by the parties during trial. In his notices of deficiency, respondent determined deficiencies in and additions to tax as follows: Petitioner Yoo Han & Co, Ltd.
Addition to Tax
Year Ended Deficiency
Under Section 6653(b)(1) [2]
April 30, 1984
$ 11,186.57
$ 5,593.28*
April 30, 1985
9,895.79
4,947.90*
Petitioners John & Woo Young Yoo
Additions to Tax
Under Sections
Year
Deficiency
6653(b)(1)
6661
1983
$ 14,199.81
$ 7,099.90*
--  1984
16,907.00
8,454.00*
$ 4,227
*361 At the beginning of the trial of the instant case, the parties filed a stipulation of facts pursuant to Rule 91. The stipulation of facts and accompanying exhibits are incorporated herein. At the time their petitions in the instant case were filed, petitioners John Yoo and Woon Young Yoo (hereinafter petitioners) resided in Larchmont, New York, and petitioner Yoo Han & Co., Ltd. (the corporation) was a corporation with its principal place of business in New York, New York. Petitioner John Yoo was at all relevant times the sole shareholder, officer, director, and employee of the corporation, which was engaged in the performance of accounting, bookkeeping, and tax preparation services. The deficiencies in issue were based on the corporation's failure to report income from the performance of accounting services and petitioners' diversion of unreported corporate income for their benefit, resulting in constructive dividends. The gross amounts of such unreported income and constructive dividends stated in the notices of deficiency were as follows: Amounts Determined by Respondent
Taxable Year
Taxable Year
Ended 4/30/84
Ended 4/30/85
Unreported Income
$ 60,897.35
$ 54,732.58
of the Corporation
(using bank deposits
and specific items
method)
1983     1984    Constructive Dividends
$ 45,588.60
$ 50,926.00
to Petitioners
*362 In an amended answer, respondent reduced the deficiency determined with respect to the corporation's taxable year ended April 30, 1984, to $ 9,499.07, based upon unreported income of $ 55,272.35 as opposed to $ 60,897.35. After the trial of the instant case had begun, the parties announced to the Court that they had reached a settlement. The following terms of the parties' settlement were read into the record: Number One. Total adjustments to income for the corporation, Yoo Han and Company, Ltd. for the fiscal year ending April 30, 1985 is $ 13,919.00. Number Two. Total adjustment to income for the corporation, Yoo Han and Company, Ltd. for the fiscal year ending April 30, 1984 is $ 13,818.00 Number Three. John Yoo received self-employment income in the taxable amount of $ 34,191.00 for the taxable year 1983, and this income is subject to self-employment tax. Number Four. John Yoo received dividend income from Yoo Han and Company, Ltd. in the amount of $ 11,397.00 for the taxable year 1983. Number Five. John Yoo received self-employment income in the amount of $ 38,195.00 for the taxable year 1984, and this income is subject to self-employment tax. Number Six. John *363 Yoo received dividend income from Yoo Han and Company, Ltd. in the amount of $ 12,731.00 for the taxable year 1984. Number Seven. The fraud penalty pursuant to IRC 66.53(b)(1) [sic] and 66.53(b)(2) [sic] is asserted against John Yoo's entire deficiencies for the taxable years 1983 and 1984. The fraud penalty, pursuant to Internal Revenue Code 66.53(b)(1) [sic] and (b)(2) is asserted against Yoo Han and Company, Ltd.'s entire deficiency for the fiscal years April 30, 1984 and April 30, 1985. Number Nine. The Government concedes the addition to tax pursuant to Internal Revenue Code 66.61 [sic] asserted against Petitioners John and Woon Yoo for the taxable year 1984. And that is the total settlement between the parties.
The settlement thus significantly reduced (in comparison with respondent's determinations) the additions to income at the corporate level. Petitioners now assert that, in computing their tax liability for the years in issue, they should be allowed the benefits of income averaging, an increased general sales tax deduction, and the deduction for a married couple when both work. Petitioners further assert the corporation's entitlement to offset its additional *364 taxable income for the fiscal year ended April 30, 1984, with a net operating loss carryback. [3] In support of their claims, petitioners argue that it would have been premature to claim any of the above items prior to arriving at the settlement which increased their taxable income for the years in issue. Petitioners also quote Stamm International Corp. v. Commissioner, 90 T.C. 315, 325 (1988), for the proposition that "all of the sections [of the Internal Revenue Code] must be applied in computing the deficiencies under * * * [their] settlement agreement." We do not agree with petitioners' suggestion that, under Stamm, we must infer that their settlement agreement includes adjustments from all Internal Revenue Code sections which might operate to their benefit. In Stamm, we interpreted a settlement provision which stated that the taxpayer had "realized a dividend under subpart F, *365 I.R.C. (i.e. sec. 951, et seq.)" in amounts set forth in a table, the last column of which was headed "Sec. 956." 90 T.C. at 317, 322. In agreeing with the taxpayer that the amounts set forth in that last column were includable only after adjustments under section 959, we relied on the cross references to section 959 contained in sections 956 and 951, the inclusion of section 959 in "subpart F," and the interrelatedness of the various subpart F provisions. Under such circumstances, we refused to allow the Government to "pick and choose among the cross-references to sections within subpart F." 90 T.C. 315 at 325. The instant case is readily distinguishable from Stamm, as none of the provisions from which petitioner attempts to benefit are cross-referenced by, or inherently interrelated with, the stated terms of the parties' settlement. We have, however, recently addressed a similar issue in Himmelwright v. Commissioner, T.C. Memo 1988-114. In that case, the parties entered into a settlement prior to trial, the terms of which were memorialized in a letter from the taxpayer's counsel. Although the letter made no mention of net *366 operating loss carrybacks, the taxpayer sought to allow such carrybacks to the years involved in the settlement. In refusing the taxpayer's request, we found the letter of settlement clear on its face. We further found that any mistaken belief on the part of the taxpayer regarding the availability of the NOLs could not operate in the taxpayer's favor since "Respondent could not have been aware of the existence of any net operating loss carrybacks, as the issue was not raised by petitioner in his pleadings or otherwise." T.C. Memo 1988-114, 1988 Tax Ct. Memo LEXIS 143, 55 T.C.M. (CCH) 403, 406, T.C.M. (RIA) 88114 at 619. Although the settlement letter in Himmelwright stated total tax deficiencies upon which the parties agreed (unlike the settlement in the instant case, which specifies amounts of unreported income), we find the reasoning of Himmelwright applicable in the instant case. See also Lewis v. Commissioner, 90 T.C. 1044 (1988) (citing Himmelwright); Korangy v. Commissioner, T.C. Memo 1989-2, affd. 893 F.2d 69 (4th Cir. 1990). Like the taxpayers in Himmelwright, petitioners admittedly claimed the items in issue for *367 the very first time after the settlement was entered into. In view of respondent's lack of awareness, at the time of settlement, of petitioner's new claims, we decline to interpret the settlement to include such claims. Petitioners have not asked us to set aside their settlement agreement. Therefore, our only task in the instant case is to determine the meaning of the parties' agreement. In that regard, we note that respondent made significant concessions in the settlement. We also note that counsel for the corporation described the settlement as "the total settlement between the parties." Under the circumstances of the instant case, we will not force further concessions upon respondent. We conclude that the parties did not, in entering into their settlement, intend the agreed-upon increases in petitioners' income to be mitigated in effect by tax deductions and benefits not mentioned in the settlement or raised prior to settlement. We are not inclined to insert into the settlement terms which we think petitioners mistakenly failed to include. Korangy v. Commissioner, T.C. Memo 1989-2, 1989 Tax Ct. Memo LEXIS 2, 56 T.C.M. (CCH) 989, T.C.M. (RIA) 89002 at 8 (quoting from United States v. Armour & Co., 402 U.S. 673, 681-682, 29 L. Ed. 2d 256, 91 S. Ct. 1752 (1971), *368 "the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." (Emphasis in original.)); Applestein v. Commissioner, T.C. Memo 1989-42. In conclusion, we note that had petitioners' claims to income averaging and NOL carrybacks been made in the context of a Rule 155 proceeding, such claims would have been denied as raising "new issues." See Chilingirian v. Commissioner, 918 F.2d 1251 (6th Cir. 1990), affg. T.C. Memo 1986-463; Molasky v. Commissioner, 897 F.2d 334 (8th Cir. 1990), affg. 91 T.C. 683 (1988); Cloes v. Commissioner, 79 T.C. 933 (1982); Himmelwright v. Commissioner, supra; Lewis v. Commissioner, T.C. Memo 1986-211; cf. Kelley v. Commissioner, 877 F.2d 756 (9th Cir. 1989), revg. and remanding T.C. Memo 1986-405. [4] See also Lewis v. Commissioner, supra. As explained in Cloes v. Commissioner, supra at 937, which involved such a Rule 155 proceeding: *369 The plain, hard fact is that if we were to grant petitioners' motions, we would of necessity have to reopen the record and afford petitioners a further trial. The petitioners would have to prove, and respondent would be free to contest, any and all items of income and deduction for the base period years. * * * Petitioners could readily have pleaded income averaging as an alternative position and presented that necessary evidence at the trial of this case. It is no answer to say that the need to follow such a course could not have been ascertained until the Court had determined petitioners' income and allowable deductions for the years involved. * * *
*370 The reasoning in Cloes applies to the instant case. Furthermore, as in Cloes, we do not think that "petitioners should be accorded any special privileges because they chose to represent themselves." 79 T.C. at 937. Suffice it to note that petitioner John Yoo's business included tax return preparation and that he was convicted in 1986 of bribing an Internal Revenue Service agent. We have considered all of petitioners' other arguments and find them without merit. To reflect the foregoing, respondent's motion for entry of decision will be granted. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Cases of the following petitioners have been consolidated herein: John & Woon Young Yoo, docket No. 20378-87; John Yoo and Woon Young Yoo, docket No. 12791-88; and Yoo Han & Co., Ltd., docket No. 12989-88. Except as otherwise noted, for convenience we will refer to the foregoing consolidated cases collectively as "the instant case."↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * plus 50 percent of the interest due on the deficiency under section 6653(b)(2).↩
3. Petitioners agree with respondent's computations for the corporation's fiscal year ended April 30, 1985.↩
4. We recognize that in Kelley v. Commissioner, 877 F.2d 756 (9th Cir. 1989), the Ninth Circuit held that this Court abused its discretion by refusing to allow an amendment of the taxpayers' petition to raise the issue of income averaging at the time the taxpayers submitted a Rule 155 computation. In Kelley, the taxpayers had filed an amended return for the year in issue electing to use income averaging. The notice of deficiency, issued after such amended return, made no mention of income averaging, leading the Ninth Circuit to conclude that the taxpayers lacked notice (until the time they moved to amend their petition) that their income averaging election was being challenged. The facts of the instant case are distinguishable from those in Kelley↩, as petitioners made no prior claim to the benefits they now seek.