T.C. Memo. 2000-224

UNITED STATES TAX COURT

JOSEPH P. MCGIVNEY, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10329-99.                          Filed July 28, 2000.

Thomas J. Handler, for petitioner.

Patricia Pierce Davis, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Respondent moves the Court to enter a decision in accordance with the parties' stipulation of settled issues (stipulation) filed on March 20, 2000.  Petitioner objects thereto, asserting that he has recently learned of possible evidence of documents which will disprove certain terms of the stipulation.  We must decide whether, as requested, we shall defer entry of decision until after petitioner obtains the

documents and shares them with respondent. We hold that we shall not. Section references are to the Internal Revenue Code for the year in issue.

## Background

Respondent determined a $59,114 deficiency in petitioner's 1995 Federal income tax and additions thereto of $2,662.95 and $3,205.33 under sections 6651(a)(1) and 6654, respectively. While residing in Illinois petitioner petitioned the Court to redetermine these amounts. The Court set this case for trial in Chicago, Illinois, on March 20, 2000. On the date set for trial the parties filed the stipulation, and the Court ordered that the stipulated decision document be submitted to the Court by April 19, 2000. Petitioner now refuses to sign the decision document, asserting that he has recently become aware that documents may exist which support the allegations set out in his petition. Petitioner asserts:

> petitioner believes that the financial records and information [alleged to be newly discovered but not in petitioner's possession] will indicate that the taxable income amounts, related tax liability, and interest and penalty previously conceded in the stipulation of settled issues, are inaccurate and petitioner is harmed by conceding to such amounts.

Petitioner does not move the Court to vacate the stipulation[1] but

---

[1]Even assuming arguendo, that petitioner is making such a motion through his response to respondent's motion for entry of decision, we would deny the motion under the rationale of Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 321 (1988)

requests that we deny respondent's motion and that in view of the aforementioned information, which is not supported by affidavit, petitioner be granted additional "time to present such new information to District Counsel."

## Discussion

The compromise and settlement of tax cases is governed by general principles of contract law. See Dorchester Indus., Inc. v. Commissioner, 108 T.C. 320, 330 (1997), affd. without published opinion 208 F.3d 205 (3d Cir. 2000). A settlement stipulation is in essence a contract. Each party agrees to concede some rights which he or she may assert against his or her adversary as consideration for those secured in the settlement agreement. See Saigh v. Commissioner, 26 T.C. 171, 177 (1956). Like contracts, stipulations of settlement bind the parties thereto to the terms thereof. See Stamos v. Commissioner, 87 T.C. 1451, 1455 (1986). In determining the proper meaning of the terms, we look to the language of the stipulation and the circumstances surrounding its execution. See Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969); see also Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. 328 F.2d 662 (6th Cir. 1964). We will enforce a stipulation of settlement, whether filed or orally stipulated into the record, unless justice requires that we do otherwise. See Dorchester Indus., Inc. v. Commissioner, supra at 335; Saigh v.

Commissioner, supra at 177 (1956); cf. Adams v. Commissioner, 85 T.C. 359, 375 (1985) (less stringent standard to modify or set aside settlement stipulation when a trial is not canceled as a result of the stipulation).

Petitioner makes no allegations that the decision proffered by respondent is not in accordance with the stipulation. The stipulation, which is clear on its face, speaks for itself and shows that the parties agreed to resolve this case in the manner therein set out. The stipulation, voluntarily entered into, must be given binding effect. The parties struck a bargain in the stipulation, and petitioner must live with the benefits and burdens of it. See Summers v. Commissioner, T.C. Memo. 1996-17. We hold that on the material before us, there is no reason to delay entry of a decision, reflecting the stipulation.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion for entry of decision and decision will be entered in accordance therewith.